**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

DEC 4 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| MILDA RODRIGUEZ VASQUEZ, on her own behalf, and on behalf of her minor son, M.S.M.R., as his next friend, AKA Milda Rodriguez Velasquez and M.S.M.R., minor son<br><br>Petitioners-Appellants,<br><br>v.<br><br>CHAD F. WOLF, Secretary and WILLIAM P. BARR, Attorney General,<br><br>Respondents-Appellee. | No. 20-55142<br><br>D.C. No.<br>2:20-cv-01274-JAK-GJS<br><br>MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted November 20, 2020
Pasadena, California

Before: CALLAHAN and BUMATAY, Circuit Judges, and PRESNELL,** District Judge.

---

     * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     ** The Honorable Gregory A. Presnell, United States District Judge for the Middle District of Florida, sitting by designation.

Milda Rodriguez Vasquez and her minor son, M.S.M.R. (together, "Appellants"), appeal the district court's denial of a temporary restraining order ("TRO"). We have jurisdiction under 28 U.S.C. § 1292(a)(1) where, like here, "the circumstances render the denial tantamount to the denial of a preliminary injunction." *Religious Tech. Ctr., Church of Scientology Int'l, Inc. v. Scott*, 869 F.2d 1306, 1308 (9th Cir. 1989). We vacate the district court's denial and remand with instructions to consider new evidence.

1.　The Government asks us to deny this appeal as moot.[1] We decline to do so. "'The test for mootness of an appeal is whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor. If it can grant such relief, the matter is not moot.'" *Serv. Emps. Int'l Union v. Nat'l Union of Healthcare Workers*, 598 F.3d 1061, 1068 (9th Cir. 2010) (quoting *Garcia v. Lawn*, 805 F.2d 1400, 1402 (9th Cir. 1986)). The Government urges us to focus on the fact that Appellants sought medical assessments which have been obtained. But this does not fully address the broader context of the case. Effective relief for the Appellants can be granted by, for example, enjoining the Government from imposing removal conditions that are adverse to M.S.M.R.'s medical conditions and recovery.

---

[1] The Government also objects to venue in the Central District of California, but the district court did not reach that issue.

2.     The Government also argues that 8 U.S.C. § 1252(g) bars us from hearing this claim.  That section prohibits courts from hearing any claim "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." 8 U.S.C. § 1252(g).  But this prohibition is narrow.  *See Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 140 S. Ct. 1891, 1907 (2020).  It precludes review of only the three actions listed in the statute: deciding to commence proceedings, deciding to adjudicate cases, and deciding to execute removal orders.  *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999).  Because the Appellants here challenge the manner of their removal, and not the discretionary decision to remove them, § 1252(g) does not bar this suit.

3.     With these preliminary issues resolved, we recognize that this case comes before us in an unusual posture.  After the district court analyzed the evidence presented to it and denied the TRO, orders from this Court's motions panel supplemented the record with additional information about M.S.M.R.'s medical condition.  This new information may alter that analysis.  Additionally, months have passed since the parties submitted this additional information.  Given this unique situation, we vacate the district court's order denying the TRO and remand for further proceedings.  We instruct the district court to consider the new evidence presented in this appeal and any other evidence that may come to light

since we first expanded the record. We also instruct the district court to consider whether venue in the Central District of California is proper. When considering the issue of venue, the district court should determine whether the "core habeas" venue rule under § 2241(a) applies, *see Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (en banc), or whether traditional venue analysis is appropriate. It is further ordered that this Court's stay of removal, originally entered on February 26, 2020, shall remain in effect until the district court resolves Appellants' application for a TRO.

**VACATED and REMANDED.**

20-55142